# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**ANDRE FUNCHES, SR.**                                                    **PLAINTIFF**

**v.**                                      **CIVIL NO. 3:18cv645-HSO-JCG**

**MISSISSIPPI DEVELOPMENT AUTHORITY,**
**MISSISSIPPI STATE PERSONNEL BOARD,**
**GLENN MCCULLOUGH, JAY MCCARTHY,**
**JENNIFER SLEDGE, AND BRIAN DANIEL**             **DEFENDANTS**

## ORDER DENYING PLAINTIFF'S MOTION [15] FOR SANCTIONS AND CONTEMPT OF COURT

BEFORE THE COURT is pro se Plaintiff Andre Funches, Sr.'s, Motion [15] for Sanctions and Contempt of Court. After consideration of the Motion, the record as a whole, and relevant legal authority, the Court finds that Plaintiff's Motion [15] should be denied.

## I. BACKGROUND

In this employment discrimination case, Plaintiff Andre Funches, Sr. ("Plaintiff"), appears to be seeking to have one or more of the Defendants held in contempt of Court and sanctioned for violating Federal Rule of Civil Procedure 11(b). Plaintiff argues that these Defendants "conspired unfairly" to suspend Plaintiff on October 30, 2018, and then to terminate his employment on November 13, 2018. Mot. [15] at 2. Plaintiff appears to be seeking a finding of contempt against these Defendants for actions arising out of Plaintiff's employment with the Mississippi Development Authority which allegedly occurred prior to and after he filed the present lawsuit. *Id*. at 1-3. Plaintiff points out that he previously filed a

Motion for Temporary Preliminary Injunction [3] seeking to have Tameika Shelwood and Defendants Brian Daniel and Jennifer Sledge removed from "his management structure" while this litigation proceeds so that they could not retaliate against him, but acknowledges that the Motion was denied.[1]  *Id*. at 1-3; *see* Order [6] at 1-2.

## II.  DISCUSSION

Federal Rule of Civil Procedure 11(b) requires an attorney or pro se litigant filing a document to certify that

> . . . to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1)  it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support

---

[1]  Plaintiff is in fact referencing United States Magistrate Judge F. Keith Ball's November 19, 2018, Order [11] entered in a separate case, Civil No. 3:18cv82-DPJ-FKB, to support his present Motion.  Mot. [15] at 1-3.  A review of Judge Ball's Order reflects that it did not require any specific conduct by Defendants, and cannot support a finding of contempt against any Defendant in the present case.  Magistrate Ball's Order did require Plaintiff to file a motion for leave prior to filing any pornographic picture in any case in the United States District Court for the Southern District of Mississippi.  Civil No. 3:18cv82-DPJ-FKB, Order [11].  Chief United States District Court Judge Daniel P. Jordan, III's April 4, 2019, Order [24] denying Funches' subsequent Motion for Sanctions [15] in that case affirmed that Magistrate Judge Ball's Order had required no specific conduct by the Defendants but did require Funches "to file a motion seeking leave of Court prior to filing certain [pornographic] pictures" in any case filed in this District.  Civil No. 3:18cv82-DPJ-FKB, Order [24].

> after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

FED. R. CIV. P. 11(b)(1)-(4). If a party violates Rule 11(b), that party may be sanctioned under Rule 11(c). In the present case, Plaintiff's Motion fails to identify which document or documents he contends Defendants filed in this case that may have violated Rule 11(b). Plaintiff simply requests that the Court "sanction Defendant(s) for their conduct in violating" Rule 11(b). In reviewing the pleadings filed by Defendants, the Court has not identified any pleading that appears to violate Rule 11(b). *See Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 527-29 (5th Cir. 2016). Plaintiff's Motion should be denied for this reason.

Although it appears that Plaintiff is seeking sanctions pursuant to Rule 11(b), a party may also be held in contempt for violating an order of a court, such that the Court reviews Plaintiff's Motion for such a violation. "A movant in a civil contempt proceeding bears the burden of establishing by clear and convincing evidence 1) that a court order was in effect, 2) that the order required certain conduct by the respondent, and 3) that the respondent failed to comply with the court's order." *Seven Arts Pictures, Inc. v. Jonesfilm*, 512 F. App'x 419, 422 (5th Cir. 2013) (quoting *Martin v. Trinity Industries, Inc.*, 959 F.2d 45, 47 (5th Cir. 1992) (citation omitted)). "Contempt is committed only if a person violates a court order requiring in specific and definite language that a person do or refrain from doing an

act." *Martin*, 959 F.2d at 47 (citation omitted). There has been no order issued by the Court in the present case that required certain conduct by any Defendant. Since Defendants cannot be in contempt of a non-existent order, it follows that no sanction is warranted. Plaintiff's Motion therefore fails to state a claim for civil contempt. Plaintiff's Motion should be denied as to Plaintiff's request for a finding of civil contempt.

### III. CONCLUSION

Plaintiff has not met his burden of showing that Defendants should be held in contempt or sanctioned. Plaintiff's Motion will be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Plaintiff Andre Funches, Sr.'s, Motion [15] for Sanctions and Contempt of Court is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 7th day of August, 2019.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE